# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| Wi-LAN USA, INC. and Wi-LAN, INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| RESEARCH IN MOTION LTD. and | ) |
| RESEARCH IN MOTION | ) |
| CORPORATION | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

This is a complaint for patent infringement. Plaintiffs, Wi-LAN USA, Inc. and Wi-LAN Inc., for their Complaint state as follows:

## PARTIES

1.   Plaintiff Wi-LAN USA, Inc. is a corporation existing under the laws of the state of Florida with its principal place of business at 175 S.W. 7th Street, No. 1803, Miami, Florida 33130. Plaintiff Wi-LAN Inc. is a corporation existing under the laws of Canada with its principal place of business at 11 Holland Ave., Suite 608, Ottowa, Ontario, Canada K1Y 4S1. Wi-LAN USA, Inc. is a wholly owned subsidiary of Wi-LAN Inc. Plaintiffs will be collectively referred to herein as "WiLAN". WiLAN is a leading technology innovation and licensing business actively engaged in research, development, and licensing of new technologies.

2.	Upon information and belief, Defendant Research in Motion Ltd. is a corporation organized and existing under the laws of Ontario, Canada with its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada, N2L 3WB.  Defendant Research in Motion Ltd. directly or indirectly through subsidiaries or affiliated companies markets, distributes, manufactures, imports, sells, and/or offers to sell consumer electronic products, including mobile phones, tablets, accessories, and associated equipment and software, in this judicial district and throughout the United States.

3.	Upon information and belief, Defendant Research in Motion Corporation  is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039 and, upon information and belief, a regional place of business in Sunrise, Florida.  Defendant Research in Motion Corporation directly or indirectly through subsidiaries, parents, or affiliated companies markets, distributes, manufactures, imports, sells, and/or offers to sell consumer electronic products, including mobile phones, tablets, accessories, and associated equipment and software, in this judicial district and throughout the United States.

4.	Upon information and belief, Defendant Research in Motion Corporation is a wholly owned subsidiary of Defendant Research in Motion Ltd. and is the managing entity of the United States operations of Defendant Research in Motion Ltd.  Upon information and belief, Defendant Research in Motion Ltd. and Defendant Research in Motion Corporation share, at least some, directors

and/or officers.  Upon information and belief, Defendant Research in Motion Ltd. exercises operational control over Defendant Research in Motion Corporation.

## JURISDICTION

5. This action for patent infringement arises under the Patent Act, 35 U.S.C. § 271, et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants under Florida Statute § 48.193.  Defendants have engaged in business, have at least one office, and have committed or caused tortuous injury in this judicial district.  Defendants have also engaged in substantial and not isolated activity within this state.

7. Upon information and belief, Defendants have conducted business in this judicial district.  Upon information and belief, Defendant Research in Motion Corporation has been registered to do business in the State of Florida since 2002 and currently has a registered agent in this judicial district.  Upon information and belief, Defendant Research in Motion Ltd.'s website lists two offices in this judicial district located at 1200 Sawgrass Corporate Parkway, Suites 100, 200, Sunrise, Florida 33323 and 13800 Northwest 14th St., Sunrise, Florida 33323.  Upon information and belief, since 2005, Defendants have annually hosted their largest BlackBerry event, "BlackBerry World" (formerly part of the "Wireless Enterprise Symposium"), in Florida.

8. Defendants have committed acts of patent infringement within this judicial district.  Defendants, directly or through intermediaries, import,

3

manufacture, use, sell, and/or offer to sell (including through http://www.rim.com, an interactive web page) infringing products within this judicial district. Defendants also purposefully and voluntarily place infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this judicial district. Defendants reasonably should have anticipated being subject to suit in this judicial district. Defendants' acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### Claim for Patent Infringement of U.S. Patent No. 5,515,369

10. The allegations of paragraphs 1 through 9 are re-alleged as if fully set forth herein.

11. Wi-LAN Inc. is the owner of United States Patent No. 5,515,369 ("the '369 Patent") which duly and legally issued on May 7, 1996. Wi-LAN USA, Inc. holds certain exclusive rights under the '369 Patent, including an exclusive right to license Defendants.

12. The Bluetooth Special Interest Group ("Bluetooth SIG") is a not-for-profit trade association responsible for publishing specifications for certain wireless technology under the Bluetooth name. Upon information and belief, Defendant Research in Motion Ltd. is a member of the Bluetooth SIG.

13. In 2003, the Bluetooth SIG adopted Bluetooth Specification version 1.2. Version 1.2 and all subsequent versions of the Bluetooth Specification define a frequency hopping scheme for wireless communication referred to as adaptive frequency hopping ("AFH").

14. Defendants make, import, sell, use, and/or offer to sell tablets, mobile phones, and accessories that perform AFH as defined in Bluetooth Specification version 1.2 or later (these products hereinafter "Bluetooth-Compliant Products"). Defendants have caused to be listed at least 60 product models as being compliant with Bluetooth Specification version 1.2 or later on the Bluetooth SIG's "Qualified Listings" accessible at https://www.bluetooth.org/. Defendants' product models listed on the Bluetooth SIG's "Qualified Listings" indicate they support the "Adaptive Frequency Hoping Kernel." Examples of Defendants' Bluetooth-Compliant Products include, but are not limited to, the BlackBerry PlayBook, Bold, Torch, Curve, Style, Pearl, Storm, Storm2, Tour, Wireless Headset, Visor Mount Speakerphone, Presenter, Music Gateway, and Smart Card Reader. Bluetooth-Compliant Products of Defendants are being sold, offered for sale, and used in this judicial district.

15. Defendants' Bluetooth-Compliant Products constitute at least a material component of the inventions claimed in the '369 Patent in that the products define a node as claimed in the '369 Patent that communicates a channel-hopping band plan, determined at least in part by using a channel punchout mask (see the AFH_channel_map in the Bluetooth Specification), to other Bluetooth

5

devices by transmitting data from which the other device can derive the plan, including, for example, the AFH_channel_map and the transmitting node's address. This adapted frequency hopping functionality in Defendants' Bluetooth-Compliant Products has no substantial noninfringing use and is not a staple article of commerce.

16. At least as early their receipt of service of this Complaint, Defendants had knowledge of the '369 Patent. Upon information and belief, Defendants had knowledge of the '369 Patent prior to service of this Complaint via their knowledge of WiLAN's litigation against Texas Instruments, Incorporated (a supplier of components for Defendants' devices) involving the '369 Patent.

17. The use of Defendants' Bluetooth-Compliant Products that execute this adapted frequency hopping scheme to communicate in a Bluetooth network results in direct infringement of the '369 Patent. Upon information and belief, users of Defendants' Bluetooth-Compliant Products, including employees of Defendants, use the products' AFH capability to infringe the '369 Patent. Upon information and belief, the AFH capability in Defendants' Bluetooth-Compliant Products is a built-in capability that is automatically executed when a user uses the Bluetooth-Compliant Product to make Bluetooth communications.

18. Upon information and belief, Defendants have been and are infringing, directly and/or indirectly, e.g., as contributory infringers, one or more

claims of the '369 Patent by their actions relating to making, using, importing, selling and/or offering for sale their Bluetooth-Compliant Products.

19.  Plaintiffs have been and continue to be irreparably harmed and monetarily harmed by Defendants' infringement of the '369 Patent.  If Defendants' infringement is not enjoined, Plaintiffs will continue to be irreparably and monetarily harmed.

## COUNT II
### Claim for Infringement of U.S. Patent No. 6,232,969

20.  The allegations of paragraphs 1 through 19 are re-alleged as if fully set forth herein.

21.  Wi-LAN USA, Inc. is the owner of United States Patent No. 6,232,969 ("the '969 Patent") which duly and legally issued on May 15, 2001.

22.  Defendants manufacture, import, use, sell, and/or offer for sale BlackBerry mobile phones that are covered by and infringe one or more claims of the '969 Patent.  Examples of infringing mobile phones include, but are not limited to, the BlackBerry Bold, Torch, Curve, and Pearl.  Each of these mobile phones includes a character selection display interface accessed by pressing the "sym" key that is covered by one or more claims of the '969 Patent.  Infringing mobile phones of Defendants are being sold, offered for sale, and used in this judicial district.

23.  Defendants' mobile phones constitute at least a material component of the inventions claimed in the '969 Patent in that the mobile phones are

programmed for editing and composing a string of characters and have a character selection display interface and features as claimed in the '969 patent. These display and user interface features for composing and editing messages have no substantial noninfringing use.

24. At least as early as service of this Complaint, Defendants had knowledge of the '969 Patent.

25. Defendants have been and are infringing, directly and/or indirectly, e.g., as contributory infringers, one or more claims of the '969 Patent by their actions relating to their making, using, importing, selling and/or offering for sale BlackBerry mobile phones covered by one or more claims of the '969 patent, including but not limited to the BlackBerry Bold, Torch, Curve, and Pearl.

26. Plaintiffs have been and continue to be irreparably harmed and monetarily harmed by Defendants' infringement of the '969 Patent. If Defendants' infringement is not enjoined, Plaintiffs will continue to be irreparably and monetarily harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Defendants have infringed the '369 Patent and the '969 Patent;

B. A judgment and order requiring Defendants to pay all appropriate damages under 35 U.S.C. § 284, including treble damages if any of the infringements is determined to be willful;

  C. A judgment and order requiring Defendants to pay the costs of this action, including all disbursements, and attorney fees, if this case is exceptional as provided by 35 U.S.C. § 285; and

  D. Both preliminary and permanent injunctions against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '369 Patent and '969 Patent; and

  E. Such other and further relief that this Court may deem just and equitable.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

**Wi-LAN Inc. and**
**Wi-LAN USA, Inc.**

Dated:  January 20, 2012                    By their attorneys,

CARLSON & LEWITTES, P.A.


s/Curtis Carlson
Curtis Carlson (FlaBarNo. 236640)
One Southeast Third Avenue, Suite 1200
Miami, Florida  33131
Phone: (305) 372-9700
Fax: (305) 372-8265

*Pro hac vice* to be filed for:
Alan G. Carlson (MN# 14,801)
Philip P. Caspers (MN# 192,569)
Dennis C. Bremer (MN# 299,182)
Samuel A. Hamer (MN# 294,469)
William F. Bullard (MN# 391,013)
CARLSON, CASPERS, VANDENBURGH
       & LINDQUIST, P.A.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota  55402
Phone:  (612) 436-9600
Fax:  (612) 436-9605